1  HEATHER E. WILLIAMS, SBN #122664
   Federal Defender
2  JEROME PRICE, SBN # 282400
   Assistant Federal Defender
3  Designated Counsel for Service
   801 I Street, 3rd Floor
4  Sacramento, CA 95814
   Telephone: (916) 498-5700
5  Fax: (916) 498-5710

6  Attorneys for Defendant
   CHAD CARL JAYCOX

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )  Case No.  2:14-CR-00010-GEB
                                       )
12           Plaintiff,                )  **DEFENDANT'S FORMAL OBJECTIONS**
                                       )  **TO THE PRESENTENCE INVESTIGATION**
13  vs.                                )  **REPORT**
                                       )
14  CHAD CARL JAYCOX,                  )  *Request for Evidentiary Hearing*
                                       )
15           Defendant.               )  Date:   February 22, 2019
                                       )  Time:  9:00 A.M.
16  _____)  Judge: Hon. Garland E. Burrell, Jr.

17       Defendant Chad Jaycox hereby submits his formal objections the Presentence

18  Investigation Report ("PSR") filed by probation on January 25, 2019.  ECF No. 81.  The defense

19  has submitted informal objections to the PSR in accordance with Local Rule 460 and Fed. R.

20  Crim. P. 35.  The defense submitted its informal objections to the probation officer on January

21  11, 2019 by email correspondence.  Pertinent to this filing, the defense objected to: (1) the PSR's

22  reliance on an undisclosed statement by the special agent alleging that Mr. Jaycox knew that the

23  peer-to-peer ("P2P") software he used would enable others to download files, and consequent

24  application of an enhancement under § 2G2.2(b)(3)(F); (2) the application of a 15-year statutory

25  penalty enhancement under 18 U.S.C. § 2252(b)(1); and (3) the application of special offense

26  characteristic §2G2.2(b)(5) for pattern of activity.

27       The probation officer did not change the PSR as requested for the above objections.  In

28

the Response to Objections (ECF No. 81-2), the probation officer maintained that: the contested information, albeit undisclosed during discovery process, was obtained during the probation officer's interview with the case agent, and therefore reliable evidence upon which to apply § 2G2.2(b)(3)(F); the penalty enhancement under 18 U.S.C. § 2252(b)(1) is warranted; and the enhancement under §2G2.2(b)(5) is warranted because the PSR alleges that the victim was 15 at the time of the sexual contact.  Accordingly, Mr. Jaycox submits these formal objections to the PSR.

### A.  § 2G2.2(b)(3)(F) Enhancement is Unwarranted

The report states that, "[Jaycox] acknowledged awareness that his use of [FrostWire, Ares, uTorrent, and LimeWire] would enable others to access and download files as well." [1] This statement does not appear in the discovery provided to defense counsel in 2014.  Mr. Jaycox does not concede his awareness or acknowledgment of other's ability to download or access his files. This statement was not disclosed during the discovery process.  Instead, the probation officer interviewed the case agent who attributed statements to Mr. Jaycox which acknowledged his awareness of others' ability to download files from him.

Section 2G2.2 (b)(3)(F) provides, "If the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E), increase by 2 levels."  This enhancement involves the distribution of child pornography.  However, in this case there is no evidence that Mr. Jaycox actually distributed child pornography.  At best, the case agent states that Mr. Jaycox acknowledged that the P2P software permitted others to download from him. First, this statement was no disclosed to defense counsel, so counsel had no meaningful opportunity to challenge it.  Mr. Jaycox is entitled to confront the case agent regarding this alleged admission that was first mentioned 5 years after the offense occurred.  Therefore, Mr. Jaycox requests an evidentiary hearing to confront the government's evidence.  The government would have an obligation to prove the facts supporting the enhancement through an evidentiary hearing.

---

[1] PSR at ¶8.

1

**B. Penalty Enhancement**

2        Mr. Jaycox has been charged by indictment with violating 18 U.S.C. § 2252(a)(2) for

3  receipt of child pornography.  Of concern to these proceedings is Mr. Jaycox's prior conviction

4  for violating California Penal Code 261.5(c) for unlawful sexual intercourse with a minor.

5  Specifically, subsection c provides:

6            Any person who engages in an act of unlawful sexual intercourse with a minor
             who is more than three years younger than the perpetrator is guilty of either a
7            misdemeanor or a felony, and shall be punished by imprisonment in a county jail
             not exceeding one year, or by imprisonment in the state prison.

8

9        The issue here is whether a prior conviction under §261.5(c) is a state offense "relating to

10  aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," thereby

11  enhancing the mandatory minimum to 15 years and the maximum penalty to 40 years under 18

12  U.S.C. §2252(b)(1).

13        Mr. Jaycox's prior conviction does not qualify for the penalty enhancement.  In *United*

14  *States v. Sullivan*, 797 F.3d 626 (9th Cir. 2015), the Ninth Circuit addressed the applicability of

15  the §2252(b)(2) enhancement for a prior conviction under Cal. Penal Code § 261.5(d), which

16  prohibits sexual intercourse with a minor when the perpetrator is older than 21 and the minor is

17  younger than 16.  The Court held that §261.5(d) was not categorically a match to the federal

18  generic definition of a sexual abuse of a minor.  Statutory rape offenses constitutes the generic

19  offense of "sexual abuse of a minor" if it is a sexual act committed knowingly with a minor

20  between 12 and 16 and there is an age difference of at least four years between defendant and the

21  minor.  *Sullivan*, 797 F.3d at 637 (citing *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th

22  Cir. 2008) (en banc), *overruled on other grounds by United States v. Aguila-Montes de Oca,* 655

23  F.3d 915 (9th Cir. 2011).  Given that California does not require the sexual act to be committed

24  knowingly and that the Ninth Circuit has previously held that §261.5 is not necessarily abusive

25  because it penalizes sexual relations with a person a day shy of 16, the court does not consider it

26  to be a categorical match.  However, the Ninth Circuit held that § 261.5(d) is an offense "relating

27  to" the generic offense of sexual abuse of a minor.  *Id.* at 640.  Notably, the court held that

28

1 §261.5(d) includes elements that the minor be under 16 and the defendant is four or more years

2 older, which are elements contained in the generic federal statutory rape conviction.

3 Section 261.5(c)—Mr. Jaycox's prior conviction—does not suffer from the same pitfalls

4 as §261.5(d). "[T]he conduct criminalized under [§261.5(c)] would be, at a minimum,

5 consensual sexual intercourse between a victim who is almost 18 and a perpetrator who just

6 turned 21." *Esquivel-Quintana v. Sessions*, 137 S.Ct. 1562 (2017). In *Esquivel-Quintana*, the

7 Supreme Court held that §261.5(c) does not categorically fall within the generic definition of

8 sexual abuse of a minor, primarily because the statute does not require the minor to be younger

9 than 16. *Id.* at 1568. Nor does §261.5 require the perpetrator to be more than 4 years older than

10 the minor, an element that the Ninth Circuit has held would be an age difference that would

11 render the sexual act abusive. *See Estrada-Espinoza*, 546 F.3d at 1152 (9th Cir 2008); *see also*

12 18 U.S.C. §2243. The only question is whether §261.5(c) is a state offense "relating to" abusive

13 sexual conduct, given the Ninth Circuit's prior decisions reading the term "relating to" broadly.

14 *Sullivan*, 797 F.3d at 638; *cf. United States v. Reinhardt*, No. 16-10409 (9th Cir. June 18, 2018)

15 (slip op. at 15) (reading "relating to" narrowly when there is clear federal statutory definition).

16 Given that there is no element in 261.5(c) that categorically falls into the federal generic

17 definition of sexual abuse (knowingly mens rea, minor less than 15, defendant older than 4

18 years), this prior not only does not categorically qualify as sexual abuse, but it also does not

19 categorically "relate to" sexual abusive conduct.

20 Accordingly, the 15-year mandatory minimum does not apply to Mr. Jaycox at

21 sentencing.

22 **C.  Pattern Under §2G2.2(b)(5)**

23 The defense objects to the application of the pattern enhancement under 2G2.2(b)(5).

24 Sex with a Minor is categorically not a sexual abuse or exploitation for the reasons discussed in

25 the "Penalty Enhancement" section. Further, if not relying on Mr. Jaycox's prior conviction, but

26 instead on the allegations of the minor, then an evidentiary hearing would need to be conducted

27 to establish the age of the minor in each of the instances of alleged sexual contact. Mr. Jaycox

28

1    has not and does not concede such allegations made by CV-1. The defense's position is that the

2    alleged sex acts would not be sexual abuse or sexual exploitation of a minor if CV-1 is 16 years

3    old at the time of any such contact.   According to the PSR CV-1 admits to sexual contact with

4    Mr. Jaycox begin when she was 15 and Mr. Jaycox was 21.  "Pattern of activity" means "any

5    combination of two or more separate instances of the sexual abuse or sexual exploitation of a

6    minor by the defendant. . . ." §2G2.2(b)(5), comment. (n.1).  Here, the PSR alleges that Mr.

7    Jaycox and CV-1 had sex on more than 20 occasions between January and August 2013.[2]  CV-1

8    turned 16 in May.[3]  If the sexual contact occurred when CV-1 was 15, then Mr. Jaycox would

9    violate the federal generic definition of sexual abuse of a minor because the minor was under the

10   age of 16.  However, the PSR assumes without support that Mr. Jaycox had more than one

11   contact with the minor while she was 15.  If the sexual contact occurred when CV-1 was 16, then

12   the contact wouldn't categorically be a sexual abuse offense.  Because the government bears the

13   burden of establishing evidence for sentencing enhancements, an evidentiary hearing would be

14   necessary to determine if there was more than one sexual contact with CV-1 while she was 15.

15         The phrase "sexual abuse or exploitation" means conduct described in 18 U.S.C. §§

16   2241, 2242, 2243, 2251(a)-(c), 2251(d)(1)(B), 2251A, 2260(b), 2421, 2422, or 2423.[4]  Sexual

17   abuse of a minor is covered under 18 U.S.C. §2243.  That same section makes it a defense if the

18   defendant reasonably believed that the other person had attained the age of 16.  To prove sexual

19   abuse , the government must show: (1) that Mr. Jaycox had at least two sexual contacts with CV-

20   1 while she was under the age of 16, and (2) that he did not reasonably believe that she was at

21   least 16.  Given that CV-1 turned 16 during the course of the sexual contact, this proof is all the

22   more important.  An evidentiary hearing must be held to establish the requisite elements to apply

23   §2G2.2(b)(5).

24         **D.  Restitution**

25         Mr. Jaycox requests a separate restitution hearing to address the various claims made by

26

27   _____

28   [2] PSR at ¶10.
     [3] ECF No. 81-2 at 1.
     [4] § 2G2.2, comment. (n.1).

alleged victims.  He preserves his objection to any such claims until the restitution hearing.

**E.  Conclusion**

For the foregoing reasons, Mr. Jaycox respectfully requests that the Court sustain his objections to the Presentence Report.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: February 8, 2019                    */s/  Jerome Price*
                                          JEROME PRICE
                                          Assistant Federal Defender
                                          Attorneys for Defendant
                                          CHAD CARL JAYCOX